IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELISSA ANN STILES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 23-245-J |
| LELAND DUDEK,[1] *Acting Commissioner of Social Security*, | ) ) ) ) |
| Defendant. | ) ) |

O R D E R

AND NOW, this 21st day of March, 2025, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for supplemental security income ("SSI") under Subchapter XVI of the Act, 42 U.S.C. § 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.  *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).  *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal

---

[1]    Leland Dudek is substituted as the defendant in this matter pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).

court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2]   Plaintiff raises several arguments as to why she believes that the Administrative Law Judge ("ALJ") erred in finding her not to be disabled. She argues that the ALJ improperly failed to consider whether her fibromyalgia met or equaled Listing 14.09, 20 C.F.R. Part 404, Subpart P, Appendix 1, at Step Three of the sequential process; that his evaluation of her treating physician's opinion was inadequate; and that the residual functional capacity ("RFC") the ALJ formulated did not incorporate her moderate limitations in concentration, persistence, and pace and in adapting and managing herself. The Court finds no merit to these arguments and finds instead that the ALJ's findings are supported by substantial evidence.

Plaintiff first asserts that the ALJ failed to evaluate whether her fibromyalgia symptoms medically equaled the criteria to meet Listing 14.09 for inflammatory arthritis. She claims that such analysis is required pursuant to Social Security Ruling ("SSR") 12-2p, 2012 WL 3104869 (S.S.A. 2012). There is no dispute here that the ALJ did find one of Plaintiff's severe impairments to be fibromyalgia (R. 13) and that he did not specifically determine whether this condition medically equaled Listing 14.09. However, Plaintiff's contentions notwithstanding, SSR 12-2p does not require that all fibromyalgia conditions be evaluated under 14.09. Rather, SSR 12-2p states that an ALJ must consider whether a claimant's impairment "meets or medically equals the criteria of ***any of the listings***," and therefore must consider whether a claimant's fibromyalgia "medically equals a listing" or whether it "medically equals a listing in combination with at least one other medically determinable impairment." *Id.* at *6 (emphasis added). It suggests Listing 14.09 as an ***example*** of a potentially relevant listing but does not mandate consideration under that particular listing. The ALJ here found that none of Plaintiff's conditions met or equaled a listing and expressly discussed the applicability of several listings pertaining to back and leg pain, including 1.15 for disorders of the skeletal spine and 1.17 for reconstructive surgery/surgical arthrodesis of a major weight-bearing joint. (R. 14-15).

Regardless, even if the ALJ arguably should have discussed whether Plaintiff's fibromyalgia symptoms equaled Listing 14.09, Plaintiff has provided no basis on which to find the listing would apply in her case. *See Holloman v. Comm'r Soc. Sec.*, 639 Fed. Appx. 810, 814 (3d Cir. 2016) (stating that claimant must identify "specific avenues for meeting or equaling specific listings that the ALJ should have considered but did not"). The Court's review of the record likewise has not revealed evidence that would satisfy the 14.09 criteria. Indeed, Plaintiff's counsel, at the administrative hearing, himself conceded that neither Plaintiff's fibromyalgia nor any of her other impairments satisfied any listing. (R. 63). In light of this, the Court finds remand unwarranted on this point.

Plaintiff next contends that the ALJ improperly rejected the medical opinion of consultative examiner Patrick Carone, M.D. (R. 1143-59). Plaintiff first appears to argue that because Dr. Carone's opinion was a "fibromyalgia opinion," the ALJ had to rely on other "fibromyalgia opinions" to discount it. (Doc. No. 11, pp. 12-13). Specifically, she asserts that the reviewing agents' opinions, which the ALJ found to be inconsistent with Dr. Carone's

opinion, did not rely on her fibromyalgia and therefore were not truly inconsistent with Dr. Carone's opinion.  This argument, though, misstates both the law and what the ALJ did here.

To claim that an ALJ must accept the limitations set forth in a medical opinion in the absence of a contrary opinion is inconsistent with 20 C.F.R. § 416.920c, which governs the analysis of medical opinion evidence for cases, such as this one, filed on or after March 27, 2017.  This regulation provides that an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." *Id.* at § 416.920c(a).  This refutes any claim that an opinion must be adopted unless contradicted by another opinion. Even prior to the amendment of the Social Security Administration's regulations in 2017, an ALJ could reject a treating source's opinion on the basis of contradictory medical *evidence*, not just contrary opinions.  *See* 20 C.F.R. § 416.927(c)(2).  *See also Titterington v. Barnhart*, 174 Fed. Appx. 6, 11 (3d Cir. 2006) ("There is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC."); *Hayes v. Astrue*, Civ. No. 07-710, 2007 WL 4456119, at *2 (E.D. Pa. Dec. 17, 2007).

Therefore, the ALJ did not need any specific opinion to contradict Dr. Carone's, let alone a separate "fibromyalgia opinion."   Regardless, none of the medical opinions at issue purported to provide limitations based on each separate severe impairment; all were assessments of Plaintiff's functional capacity in general.  Dr. Carone, for instance, cited Plaintiff's fibromyalgia but also acknowledged a number of other relevant conditions, including lumbar degenerative disc disease and plantar fasciitis. (R. 1148).  Conversely, the state reviewing agents acknowledged fibromyalgia as one of Plaintiff's severe impairments and specifically cited that condition as a basis for their functional capacity assessments. (R. 90, 93-94, 117, 121-22).  Indeed, the reviewing agent on reconsideration, Nghia Van Tran, M.D., had access to and reviewed Dr. Carone's opinion. (R. 120).  Plaintiff's implication that Dr. Carone's opinion relates to her fibromyalgia-related limitations while those of the state reviewing agents pertain to non-fibromyalgia related restrictions is simply erroneous.

In any event, the ALJ did not rely solely on the opinions of the state reviewing agents in finding Dr. Carone's opinion not persuasive.  Rather, he considered the factors set forth in 20 C.F.R. § 416.920c, which emphasize that "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability." 82 Fed. Reg. 5844-01, at 5853 (Jan. 18, 2017).  *See also* § 416.920c(b)(2) and (c).  The ALJ here properly focused on these factors in evaluating Dr. Carone's opinion. (R. 21-22).  He considered not just the other medical opinion evidence – but also the objective medical evidence, including Dr. Carone's own examination records showing largely unremarkable findings including normal gait, range of motion, sensation, reflexes, and muscle strength; Plaintiff's treatment history; and Plaintiff's activities of daily living – in analyzing the opinion and in formulating the RFC in general.  *See* 20 C.F.R. §§ 416.929(c) and (d); SSR 16-3p, 2017 WL 5180304, at **6-8 (S.S.A. Oct. 25, 2017).  He explained his rationale at length, and substantial evidence supports his findings.

Plaintiff' next argues that the ALJ erred by failing to incorporate her moderate limitations in concentrating, persisting, or maintaining pace and in adapting and managing herself into the

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 10) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 12) is GRANTED.

s/Mark R. Hornak<br>United States District Judge

ecf:     Counsel of record

---

RFC, citing *Ramirez v. Barnhart*, 372 F.3d 546 (3d Cir. 2004). (Doc. No. 11, p. 17). However, in *Ramirez*, the ALJ had limited the claimant merely to simple one or two-step tasks to account for limitations of concentration, persistence, and pace. Here, the mental limitations found by the ALJ in the RFC were more extensive and specific. He found that Plaintiff was limited to jobs requiring her only to "understand, remember, and carry out simple tasks and make simple work-related decisions; … have frequent, but not constant, work-related interaction with the public; and … have occasional changes in work setting." (R. 17). These limitations went well beyond a limitation to simple one or two-step tasks or "unskilled work" and properly accounted for Plaintiff's deficiencies in concentration, persistence, and pace and in adapting and managing herself. As the Third Circuit has explained, "no incantations are required at steps four and five" to account for a claimant's moderate limitations at steps two and three so long as the RFC fairly reflects such findings. *See Hess v. Comm'r of Soc. Sec.*, 931 F.3d 198, 209 (3d Cir. 2019). Instead, the ALJ must employ a fact-specific valid explanation approach to account for these moderate limitations in the RFC, *see id.* at 210, which is precisely what happened here.

To the extent that Plaintiff's brief could be construed as raising any additional arguments, such arguments are too under-developed and conclusory to be addressed by the Court. *See Hyer v. Colvin*, No. CV 15-297-GMS, 2016 WL 5719683, at *11 (D. Del. Sept. 29, 2016) ("'It is not enough merely to present an argument in the skimpiest way, and leave the Court to do counsel's work – framing the argument, and putting flesh on its bones through a discussion of the applicable law and facts.'") (quoting *Ve Thi Nguyen v. Colvin*, No. C13-882, 2014 WL 1871054, at *2 (W.D. Wash. May 8, 2014)). For instance, Plaintiff seems to briefly argue that the ALJ gave insufficient consideration to her testimony about the pain and limiting effects caused by her fibromyalgia. Not only is this argument under-developed, the Court further notes that, as a general matter, when an ALJ has articulated reasons supporting a "credibility" determination, that determination is afforded significant deference. *See Horodenski v. Comm'r of Soc. Sec.*, 215 Fed. Appx. 183, 188-89 (3d Cir. 2007); *Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003). Here, the Court finds that there was sufficient evidence to defer to the ALJ's findings regarding Plaintiff's subjective complaints.

Accordingly, the Court finds that the ALJ applied the correct legal standards and that substantial evidence supports his decision. It will therefore affirm.